UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: March 2, 2018
JUDGE: Pamela Pepper
CASE NO: 2015-cv-1340
CASE NAME: Zygmunt Serafin v. IC System, Inc.
NATURE OF HEARING: Pending Motions
APPEARANCES: John Blythin – Attorney for the plaintiff
Ben Slatsky – Attorney for the plaintiff
Elizabeth Odian - Attorney for the defendant
COURTROOM DEPUTY: Kristine Wrobel
TIME: 10:43 a.m. – 11:19 a.m.

The court apologized to the parties for the fact that it had delayed in ruling on several motions, which had caused the case to become somewhat knotted and which had slowed its progress. The court indicated that it had scheduled today's hearing to try to get the case back on track.

The court walked through the fact that in the original complaint, the plaintiff had defined the putative class in one way. When the plaintiff filed the amended motion to certify the class, however, that motion had defined the class differently than had the complaint. The declaration in support of that motion had referenced Interrogatory #17, which defined the class yet a third way. Finally, the plaintiff had filed a motion to amend the motion to certify the class. Meanwhile, both parties had filed summary judgment motions, and the parties had filed several motions to restrict documents from public view. After going through the procedural history in detail, the court asked counsel for the plaintiff whether the plaintiff's most recent proposed amended complaint—Dkt. No. 59-1—contained the definition of the class that the plaintiff wished to pursue. Counsel for the complaint confirmed that it did.

The parties then discussed the court's proposal to (a) grant the plaintiff's December 2, 2016 motion to amend the complaint (Dkt. No. 59); (b) allow the plaintiff to file a second amended motion to certify the class; (c) allow the parties to fully brief that motion; then (d) either allow the parties to supplement their summary judgment motions or rule on the motions as filed. Counsel for the plaintiff had no objection to this plan. Counsel for the defense urged the court to rule on the summary judgment motions now, arguing that they were not dependent on the outcome of the class certification motion. Counsel for the plaintiff responded that if the court were to grant summary judgment in favor of the plaintiff on any issues prior to class certification, the class members could be excluded from the benefits of such a ruling. The court stated that it would implement its proposed plan, and would rule on class certification prior to considering the summary judgment arguments.

1

Finally, the court ruled on the various motions to restrict documents from public view.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's amended motion for class certification. Dkt. No. 17.

The court **DENIES AS MOOT** the portion of the plaintiff's September 13, 2016 motion that asks the court to stay briefing on summary judgment. Dkt. No. 39. The remainder of that motion remains pending.

The court **GRANTS** the plaintiff's Rule 7(h) expedited, non-dispositive motion to seal references to material designated by defendant as "confidential." Dkt. No. 46.

The court **GRANTS** the plaintiff's Rule 7(h) expedited, non-dispositive motion to seal references to material designated by defendant as "confidential." Dkt. No. 51.

The court **GRANTS** the defendant's Rule 7(h) expedited, non-dispositive motion to seal references to material designated by defendant as "confidential." Dkt. No. 56.

The court **GRANTS** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 59. The court **ORDERS** that the clerk's office shall docket the document at Dkt. No. 59-1 (the redacted version of the amended complaint), and **ORDERS** that that document shall be the operative complaint in the case.

The court **GRANTS** the plaintiff's Rule 7(h) expedited, non-dispositive motion to seal references to material designated by defendant as "confidential." Dkt. No. 61.

The court **DENIES AS MOOT** the defendant's Rule 7(h) expedited, non-dispositive motion to stay proceedings. Dkt. No. 62.

The court **GRANTS** the defendant's Rule 7(h) non-dispositive motion for leave to file papers under seal. Dkt. No. 73.

The court **GRANTS** the plaintiff's Rule 7(h) expedited, non-dispositive motion to seal references to material designated by defendant as "confidential." Dkt. No. 80.

The court **ORDERS** that, if he chooses to do so, the plaintiff shall file an amended motion to certify class no later than the end of the day on March 16, 2016. The defendant shall file a response brief by the end of the day on April 13, 2018 (unless the plaintiff does not file an amended motion, in which case,

the defendant need not file anything). The plaintiff shall file the reply brief in support of the amended motion no later than May 4, 2018.

Dated in Milwaukee, Wisconsin this _5th _day of March, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**